

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 16, 1977

Honorable Charles LeMaistre
Chancellor, University of
  Texas System
Office of General Counsel
201 West 7th Street
Austin, Texas 78701

Opinion No. H- 1055

Re: Whether faculty members
of the University of Texas
are entitled to payment for
sick leave on termination.

Dear Dr. LeMaistre:

You have requested our opinion regarding whether faculty members of the University of Texas are entitled to payment for sick leave upon termination of employment. The General Appropriations Act for the 1975-77 biennium provides, in article V, section 7(b):

> Employees of the State shall, without deduction in salary, be entitled to sick leave subject to the following conditions:
>
> Sick leave entitlement shall be earned at the rate of eight (8) hours for each month or fraction of a month employment, and shall accumulate with the unused amount of such leave carried forward each month.
>
> Sick leave with pay may be taken when sickness, injury, or pregnancy and confinement prevent the employee's performance of duty or when a member of his immediate family is actually ill. An employee who must be absent from duty because of illness shall notify his supervisor or cause him to be notified of that fact at the earliest practicable time.
>
> To be eligible for accumulated sick leave with pay during a continous period of more than three (3) working days, an employee absent due to illness shall send to the administrative head of his employing agency a doctor's certificate

showing the cause or nature of the ill-
ness or some other written statement of
facts concerning the illness which is
acceptable to such administrative head.

Upon return to duty after sick leave
the employee concerned shall, without
delay, complete the prescribed applica-
tion for sick leave and submit the same
through proper channels to the appropri-
ate approving authority for his consi-
deration.

Exceptions to the amount of sick leave
an employee may take may be authorized
by the administrative head or heads of
any agency of the State provided such
exceptions are authorized on an individual
basis after a review of the merits of
such particular case.  A statement of any
such authorized exceptions or the reasons
for them shall be attached to the State
agency's duplicate payroll voucher for
the payroll period affected by such autho-
rized exceptions.

The foregoing provision regarding sick
leave shall not apply to State institu-
tions of higher education which had es-
tablished rules in effect prior to the
adoption of this Act for sick leave for
the nonacademic and academic staffs of
such institutions, and such sick leave
policies may continue to be established
by the governing boards of such institu-
tions.

A state employee who resigns, is dis-
missed or separated from state employ-
ment shall be entitled to be paid for
one-half of sick leave entitlement duly
accrued.

(Emphasis added).  We note that the latter provision does not
appear in the General Appropriations Act for the 1977-79 biennium.

In Attorney General Opinion H-766 (1976) at 3, we held that the provision authorizing

>    payment of . . . an employee's accumulated
>    sick leave upon termination of employment
>    is applicable to state institutions of
>    higher education.

We noted, however, that under the language of section 7(b), an institution of higher education which had established sick leave policies in effect prior to September 1, 1975,

>    may continue to enforce those policies
>    and to promulgate additional policies of
>    a similar nature.

Attorney General Opinion H-766 (1976) at 4.  You state that a number of the component institutions of the University of Texas System have for many years maintained a sick leave policy re-garding faculty members.  During the period of a faculty member's illness, his teaching duties are assumed by another member of his department, but he continues to receive his regular salary. Records of sick leave accrued and used are not maintained, and sick leave _accrual_ has not been recognized.

If an institution is able to demonstrate that such policies were in effect prior to September 1, 1975, and that sick leave accrual by faculty members was not recognized prior to that time, we do not believe that the institution is required to compensate a separated employee for sick leave on termination. Whether such policies were indeed in effect is of course a question of fact, which may be demonstrated by the existence of written rules, statements in a faculty handbook, or otherwise.

### S U M M A R Y

>    If, under established policy prior to
>    September 1, 1975, faculty members did
>    not accrue sick leave, a university is
>    not required to compensate a separated
>    employee for sick leave on termination.
>    Whether such policy was in effect is a
>    question of fact.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst